# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Case No.: CR-22-427-HE |
| ) | |
| RYAN SAMUEL SANTANA, ) | |
| ) | |
| *Defendant*. ) | |

## DEFENDANT'S COMBINED SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE

Defendant Ryan Samuel Santana, by and through counsel of record, submits this Sentencing Memorandum and Motion for Downward Variance for the Court's consideration. Mr. Santana awaits sentencing on one count for, Count 1: Conspiracy, in violation of 18 U.S.C. §371. Mr. Santana faces a statutory maximum of five years imprisonment on count one. The Presentence Investigation Report suggests an advisory guideline range of 18-24 months.

Mr. Santana has already served a significant amount of time in custody. He was initially arrested by local law enforcement on April 17, 2022. He remained in continuous custody until October 14, 2022. Following a detention hearing on October 14, 2022 he was released on an unsecured bond with conditions (PSR ¶12).

In fashioning a sentence that satisfies the statutory goals can be accomplished through a downward variance or a downward departure, specifically based upon USSG § 5H1.1 (Age, including youth). Mr. Santana requests the Court consider the time which he

1

spent in the custody of State of Oklahoma as that time will not otherwise be awarded to him by the Bureau of Prisons. To date, Mr. Santana has served 180 days or 5 months and 27 days in custody. A sentence below the guideline sentence range is warranted. A sentence of time served followed by two years of supervised release would be appropriate to punish Mr. Santana.

## NATURE AND CIRCUMSTANCES OF CASE; HISTORY AND CHARACTERISTICS OF DEFENDANT

### Nature and Circumstances of the Offense

Counsel proffers the following additional information, authorities, and arguments addressing factual issues bearing on the determination of an appropriate disposition in this case.

Evident in Mr. Santana's history is his willingness to take responsibility for his actions. In each of his criminal convictions, He has entered a plea of guilty eliminating the need for witnesses to testify and an extended trial. Further, his criminal history involves relatively minor misdemeanor or traffic related offenses. Mr. Santana has no violent criminal history.

### History and Characteristics of the Defendant

The PSR does an able job of describing Mr. Santana's history and characteristics. Counsel would like to highlight a few points.

To begin, Mr. Santana is not trying to blame his actions on anyone else but himself and has accepted full responsibility for his crimes without hesitation from his arrest through today. Mr. Santana while still a young man has the ability to redirect his life path if given

an opportunity by this Court.

Mr. Santana was born on in July of 1999 in Long Island, New York to Franklin and Yesenia Santana. His has four siblings all residing in Reading, Pennsylvania. Although from a close-knit family, things began to change for him in 2016. He suffered the loss his grandmother and the divorce of his parents in 2016. It was during that year that Mr. Santana's life began to spiral downward. Mr. Santana went from a good student and athlete to failing in his senior year requiring him to graduate late. With the divorce of his parents, Mr. Santana felt he needed to be his own man and tried to do things on his own financially. (PSR ₱56).

After graduating from high school, Mr. Santana enrolled in a community college in California and walked on to the football team. He attended school, played football and worked part-time to help pay for school. He found himself in some financial straits which led him to consider alternatives to pay for school that resulted in the charge he is facing.

Since his release from custody, Mr. Santana has maintained employment and regularly checks in with his probation officer. He plans to return to school to finish his degree in early childhood education and psychology and continue to work to pay restitution.

## FACTORS RELEVANT TO VARIANCE

**Remorse**

Mr. Santana is deeply remorseful for his conduct. He lives with his deep regret for his conduct. He regrets the harm he has caused to the victim, his family and to his future. With the ability to reflect on it, this period of his life was one of the darkest chapters for

him and his family. His arrest and incarceration related to this case is the first time he has been incarcerated for any significant length of time. This is a new experience for him that will not be repeated.

### Other sentencing considerations for the Court

Mindful of its duty to weigh other Section 3553(a) factors, the Court is likely concerned about (1) the seriousness of the offense, 18 U.S.C. § 3553(a)(2); (2) respect for the law; (3) general deterrence, 18 U.S.C. § 3553(a)(2)(B); and (4) the sentencing range, 18 U.S.C. § 3553(a)(4). However, these factors do not weigh in favor of a sentence of incarceration.

### Respect for the law

From the perspective of Mr. Santana, respect for the law has been accomplished. He fully understands the consequences of criminal conduct. Though he has minimal criminal history, he desires to change. Mr. Santana's criminal activity might suggest a lack of respect for the law, but counsel submits the instant prosecution has had a lasting effect on him. He has no intention of returning to criminal conduct. This is the longest he has been incarcerated. In the past, he did not take into serious consideration that his actions would result in the loss of his freedom and time away from his family, nor did he consider the impact on others, including his family.

Mr. Santana recognizes his obligation and responsibility to pay restitution, however he requests an opportunity for his attorney to accurately determine the amount of restitution requested through discussions to try to reach an agreement and/or set the issue of restitution for an evidentiary hearing.

**Deterrence**

Respectfully, general and specific deterrence are not overriding sentencing considerations in this case. 18 U.S.C. §§ 3553(a)(2)(B), (a)(2)(C). A sentence below the advisory guideline range will still send a message to the public that the illegal receipt of a firearm by a person under indictment is a serious offense subject to federal prosecution and punishment. And Mr. Santana's particular characteristics do not render him the sort of hardened criminal deserving of prolonged incarceration simply for the purpose of protecting the public.

More importantly, the Court should consider the need for the sentence imposed to provide needed education or vocational training, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2)(D). Mr. Santana requires the supportive network of supervised release. Supervision from the United States Probation Office will ensure restitution is paid to the victim and he is given the opportunity to complete his education as well as drug testing. Mr. Santana is at a point in his life where he would benefit most from community supervision. A long period of incarceration (particularly given his age) is likely to result in further criminal associations and training. The quicker he is placed on supervision, the faster he will have the opportunity to transition into a law abiding, productive life.

The Guidelines manual also permits a downward departure based upon age, including youth. USSG § 5H1.1. Mr. Santana was born in 1999 and is 23 years old. While not the youngest defendant to come before the Court, his youth both explains the offense committed and informs the Court on an appropriate sentence. This offense is replete with

5

immaturity. A young man who believed it appropriate to consider a quick and easy alternative to making money despite the illegal nature of the venture is not thinking maturely. Moreover, his youth instructs that immediate rehabilitation is necessary. Further incarceration will only expose him to nefarious criminal elements within the penal system and further cloud his future. Considering his young age, USSG § 5H1.1 provides the Court with an additional mechanism by which to sentence him below the guideline range.

Particularly considering Mr. Santana's age, history, and characteristics, a sentence of time served along with a term of supervised release will provide him with the necessary treatment and supervision to help him transition to a productive life.

"[T]he punishment should fit the offender and not merely the crime." *Williams v. New York*, 337 U.S. 241, 247 (1949). Mr. Santana is so much more than the crime committed in this case.

## CONCLUSION

The primary directive in 18 U.S.C. § 3553(a) is for sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." In determining whether and to what extent imprisonment is appropriate the Court is required to "recogniz[e] that imprisonment is not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. § 3582(a). Respectfully, such a sentence is one substantially below the advisory guideline range with credit for time served, coupled with a period of supervised release with conditions.

Respectfully submitted,

>*s/ Traci L. Rhone*
>Traci L. Rhone, OBA#19285
>215 Dean A. McGee, Suite 109
>Oklahoma City, OK 73102
>Telephone: (405) 609-5930
>Facsimile: (405) 609-5932
>E-mail: Traci_Rhone@fd.org

## **CERTIFICATE OF SERVICE**

I hereby certify on March 29, 2023, I electronically transmitted the attached document entitled to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Danielle London, Danielle.london@usdoj.gov, Assistant United States Attorney

>*s/ Traci L. Rhone*
>TRACI L. RHONE

7